IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MISC. NO. 3: 07-MC-61

IN RE: ALLOCATION OF CHARLOTTE DIVISION
CRIMINAL, CIVIL, AND MISCELLANEOUS CASES;
ASSIGNMENT OF CRIMINAL CASES IN ALL DIVISIONS
FOLLOWING ASSIGNMENT OF PRELIMINARY MATTERS

## ORDER

The following case assignment allocations will be applied in the Charlotte Division and supersede all other prior orders as they relate to the Charlotte Division. These case assignment allocations are effective **June 1, 2007.**

1. All grand jury returns filed in the Charlotte Division shall be randomly assigned equally between Chief Judge Conrad and Judge Whitney.

    a. Any criminal case in which Chief Judge Conrad has a conflict shall first be reassigned to Judge Whitney, and then Judge Voorhees, and then to Judge Thornburg.

    b. Any criminal case in which Judge Whitney has a conflict shall first be reassigned to Chief Judge Conrad, then to Judge Voorhees, and then to Judge Thornburg.

    c. Any criminal case filed in any division of this Court may be assigned by the Chief Judge to a senior judge of this Court with consent of the senior judge and the judge to whom the case would otherwise be assigned by standing case allocation orders.

2. Any violation proceedings or supplemental filings in criminal cases in which Judge Voorhees, Judge McKnight, or Judge Potter was the presiding judge shall be assigned to Chief Judge Conrad or Judge Whitney according to docket number. Even numbered cases shall be assigned to Chief Judge Conrad; odd numbered cases shall be assigned to Judge Whitney.

3. Civil cases, except for death penalty cases, which are the subject of a separate order, shall be randomly assigned to Chief Judge Conrad, Judge Whitney, and Senior Judge Mullen, with each receiving one-third of the cases. Any case in which a Charlotte Division judge has a conflict shall be randomly assigned to

another eligible judge in the division. The Clerk shall keep these conflict assignments as equal as possible. Any case in which all of the Charlotte Division judges have conflicts shall be assigned first to Judge Voorhees, and then to Judge Thornburg.

4. Title 28, United States Code, Section 2255 actions shall be assigned to the judge who presided over the underlying criminal case.

   a. If the presiding judge was a visiting judge, the action shall be assigned to that visiting judge. If the visiting judge requests that the motion be reassigned, it shall be reassigned according to the district court draw.

   b. If the presiding judge was Judge McKnight or Judge Potter, the action shall be assigned to Chief Judge Conrad or Judge Whitney according to docket number. Even numbered cases shall be assigned to Chief Judge Conrad; odd numbered cases shall be assigned to Judge Whitney.

5. Any case that is remanded for further proceedings pursuant to a mandate of the U.S. Court of Appeals for the Fourth Circuit in which Judge McKnight or Judge Potter was the presiding judge shall be assigned to Judge Whitney or Senior Judge Mullen according to docket number. Even numbered cases shall be assigned to Judge Whitney; odd numbered cases shall be assigned to Senior Judge Mullen.

6. All prisoner pro se cases filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254 (non-death penalty cases) shall be assigned to Senior Judge Mullen, who shall supervise all pro se law clerks until further notice by the Chief Judge.

7. Allocation of death penalty cases shall be addressed by separate order.

8. Non-consent civil cases are referred to Charlotte Division magistrate judges by docket number for all pretrial proceedings. Consent cases will be handled by Charlotte Division magistrate judges for all purposes and in all respects. Pretrial matters in criminal cases are referred equally to Charlotte Division magistrate judges. These referrals are subject to modification or withdrawal by order of any affected district judge.

IT IS FURTHER ORDERED that the following allocations apply to criminal cases in all divisions where more than one judge is in the criminal draw and a random assignment has occurred on a preliminary matter, such as a bond appeal. The central principles governing this section of the Order are: (a) preservation of the integrity of the random assignment procedure, and (b) assignment of a case to one judge throughout its course, to the extent practicable.

1. Where a single defendant indictment is handed down, the case shall be assigned to the judge who presided over the previous random assignment.

2. Where a multiple defendant indictment is handed down, the case shall be assigned to the judge who presided over the first previous random assignment of any of the defendants.

3. Where the Clerk's Office is informed that an indictment is related to a previously assigned case, the new indictment shall be assigned to the judge of the previous assignment.

4. The sole authority to change a random assignment resides with the Chief Judge, upon consultation with any other judge directly affected. The Chief Judge may designate another judge to resolve immediate matters, such as motions to stay a magistrate judge's release order, if the randomly selected district judge is unavailable.

5. The Clerk's Office shall faithfully execute its obligation to assign cases on a random basis subject to pretermission only by the Chief Judge, as stated above.

6. The Clerk shall refer any questions about proper procedure to the Chief Judge.

The Clerk is directed to serve copies of this Order to all district court judges, all magistrate judges, the United States Attorney, the Chief United States Probation Officer, the United States Marshal, all deputy clerks, and all court reporters.

IT IS SO ORDERED, this 22nd day of May, 2007.

Robert J. Conrad, Jr., Chief
United States District Court Judge

Richard L. Voorhees
United States District Judge

Lacy H. Thornburg
United States District Judge

Frank D. Whitney.
United States District Judge