FILED
CHARLOTTE, NC
SEP 1 2009
U.S. DISTRICT COURT
WESTERN DISTRICT OF NC

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

MISC. NO. 3: 07-MC-61

IN RE: ALLOCATION OF CHARLOTTE DIVISION CASES AND ASSIGNMENT OF FOLLOWING PRELIMINARY MATTERS

## ORDER

The following case assignment allocations will be applied in the Charlotte Division and supersede all other prior orders as they relate to the Charlotte Division. These case assignment allocations are effective upon the entry of this Order.

1. All grand jury returns filed in the Charlotte Division shall be randomly assigned equally to Chief Judge Conrad and Judge Whitney.

    a. Any criminal case in which Chief Judge Conrad has a conflict shall first be reassigned to Judge Whitney, then to Judge Voorhees, and then to Judge Reidinger.

    b. Any criminal case in which Judge Whitney has a conflict shall first be reassigned to Chief Judge Conrad, then to Judge Voorhees, and then to Judge Reidinger.

    c. Any criminal case filed in any division of this Court may be assigned by the Chief Judge to a senior judge of this Court with consent of the senior judge and the judge to whom the case would otherwise be assigned by standing case allocation orders.

2. Any violation proceedings or supplemental filings in criminal cases in which Judge Reidinger, Judge Voorhees, Judge McKnight, or Judge Potter was the presiding judge shall be assigned equally to Judge Whitney and Chief Judge Conrad.

3. Civil cases, except for death penalty cases, which are the subject of a separate order, shall be randomly assigned to Chief Judge Conrad, Judge Whitney, Judge Voorhees, and Senior Judge Mullen, with each receiving one-fourth of the cases. Any case in which a judge in the Charlotte Division draw has a conflict shall be randomly assigned to another eligible judge in the draw. The Clerk shall keep these conflict assignments as equal as possible. Any case in which all of the

Charlotte Division draw judges have conflicts shall be assigned to Judge Reidinger taking into consideration any potential conflicts.

4. Title 28, United States Code, Section 2255 actions shall be assigned to the judge who presided over the underlying criminal case.

   a. If the presiding judge was a visiting judge, the action shall be assigned to that visiting judge. If the visiting judge requests that the motion be reassigned, it shall be reassigned according to the district court draw.

   b. If the presiding judge was Judge McKnight or Judge Potter, the matter shall be equally assigned to Judge Whitney, and Chief Judge Conrad.

5. Any civil case that is remanded for further proceedings pursuant to a mandate of the U.S. Court of Appeals for the Fourth Circuit in which Judge McKnight or Judge Potter was the presiding judge shall be equally assigned to Judge Voorhees, Judge Whitney, Chief Judge Conrad, and Senior Judge Mullen. Any criminal case so remanded shall be equally assigned to Chief Judge Conrad and Judge Whitney. Any civil or criminal case so remanded in which Judge Reidinger was the presiding judge shall remain assigned to Judge Reidinger.

6. All prisoner pro se cases filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254 (non-death penalty cases) shall be assigned to Senior Judge Mullen, who shall supervise all pro se law clerks until further notice by the Chief Judge.

7. Allocation of death penalty cases shall be addressed by separate order.

8. Non-consent civil cases are referred to Charlotte Division magistrate judges by docket number for all pretrial proceedings and in accordance with any standing Orders of reference issued by a district judge. Consent cases will be handled by Charlotte Division magistrate judges for all purposes and in all respects. The general division of cases between magistrate judges shall be according to docket number with odd numbered cases being assigned to Magistrate Judge Keesler and even numbered cases being assigned to Magistrate Judge Cayer.

9. Pretrial matters in criminal cases are referred equally to Charlotte Division magistrate judges. These referrals are subject to modification or withdrawal by order of any affected district judge.

10. Any criminal case still pending as of August 31, 2009, assigned to Judge Reidinger shall remain assigned to him for final disposition.

11. Judge Reidinger shall review his pending civil cases and identify those Charlotte division cases he elects to retain. All other pending civil cases as of August 31, 2009, shall be reassigned as equally as possible to Chief Judge Conrad; Judge Whitney; Judge Voorhees; and Senior Judge Mullen taking into consideration any potential conflicts.

**IT IS FURTHER ORDERED** that the following allocations apply to criminal cases in <u>all divisions</u> where more than one judge is in the criminal draw and a random assignment has occurred on a preliminary matter, such as a bond appeal. The central principles governing this section of the Order are: (a) preservation of the integrity of the random assignment procedure, and (b) assignment of a case to one judge throughout its course, to the extent practicable.

1. Where a single defendant indictment is handed down, the case shall be assigned to the judge who presided over the previous random assignment.

2. Where a multiple defendant indictment is handed down, the case shall be assigned to the judge who presided over the first previous random assignment of any of the defendants.

3. Where the Clerk's Office is informed that an indictment is related to a previously assigned case, the new indictment shall be assigned to the judge of the previous assignment.

    3.1 When there is only one judge in the criminal draw in a given division, and for any reason another judge of the district has occasion to enter a preliminary order in a case from that division, the case assignment remains with the judge normally assigned all cases in that division.

4. The sole authority to change a random assignment resides with the Chief Judge, upon consultation with any other judge directly affected. The Chief Judge may designate another judge to resolve immediate matters, such as motions to stay a magistrate judge's release order, if the randomly selected district judge is unavailable.

5. The Clerk's Office shall faithfully execute its obligation to assign cases on a random basis subject to pretermission only by the Chief Judge, as stated above.

6. The Clerk shall refer any questions about proper procedure to the Chief Judge.

The Clerk is directed to serve copies of this Order to all district court judges, all magistrate judges, the United States Attorney, the Chief United States Probation Officer, the United States Marshal, all deputy clerks, and all court reporters.

**IT IS SO ORDERED,** this **1st day of September 2009.**

s/Robert J. Conrad, Jr.
Robert J. Conrad, Jr., Chief
United States District Court Judge

s/Martin Reidinger
Martin Reidinger
United States District Judge

s/Graham C. Mullen, Senior
United States District Judge

s/Richard L. Voorhees
Richard L. Voorhees
United States District Judge

s/Frank D. Whitney
Frank D. Whitney
United States District Judge