# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## MISC. NO. 3:07-MC-61

IN RE:     ALLOCATION OF CHARLOTTE DIVISION CASES AND ASSIGNMENT OF FOLLOWING PRELIMINARY MATTERS

FILED
ASHEVILLE, N.C.
NOV 19 2021
U.S. DISTRICT COURT
W. DIST. OF N.C.

## ORDER

The following case assignment allocations will be applied in the Charlotte Division and supersede all other prior orders as they relate to the Charlotte Division. These case assignment allocations are effective *January 1, 2022.*

1. All grand jury returns, informations, and Rule 20 Transfers in cases filed in the Charlotte Division shall be assigned equally to Judge Whitney, Judge Conrad, Judge Cogburn and Judge Bell.

   a) Any criminal case in which Judge Whitney has a conflict shall first be reassigned to Judge Bell, then to Judge Cogburn, then to Judge Conrad and then to Judge Reidinger.

   b) Any criminal case in which Judge Conrad has a conflict shall first be reassigned to Judge Bell, then to Judge Cogburn, then to Judge Whitney, and then to Judge Reidinger.

   c) Any criminal case in which Judge Cogburn has a conflict shall first be reassigned to Judge Bell, then to Judge Conrad, then to Judge Whitney, and then to Judge Reidinger.

   d) Any criminal case filed in any division of this Court may be assigned by the Chief Judge to a senior judge of this Court with consent of the senior judge.

2. Any violation proceedings or supplemental filings in criminal cases in which Judge Reidinger, Judge McKnight, or Judge Potter was the presiding judge shall be assigned equally to Judge Cogburn, Judge Whitney, Judge Conrad, and Judge Bell.

   a.) Any violation proceedings or supplemental filings in criminal cases in which Judge Voorhees was the presiding judge shall be assigned to Judge Bell.

3. Civil cases, except for death penalty cases, prisoner cases and social security cases, which are the subject of separate orders or other provisions herein, shall be randomly assigned to Judge Whitney, Judge Conrad, Judge Cogburn, Judge Bell, and Senior Judge Mullen per the following allocation:

> Judge Whitney shall be assigned 33% of the civil cases filed in the Charlotte Division.
> Judge Conrad shall be assigned 33% of the civil cases filed in the Charlotte Division.
> Judge Cogburn shall be assigned 17% of the civil cases filed in the Charlotte Division.
> Judge Bell shall be assigned 9% of the civil cases filed in the Charlotte Division; and Senior Judge Mullen shall be assigned 8% of the civil cases filed in the Charlotte Division.
> When any judge in the Charlotte Division has a conflict on a civil case the case is to be reassigned to the next available judge in the Charlotte Division not having a conflict with the case. Any case in which all these judges have a conflict shall be assigned to Judge Reidinger.

4. "Prisoner cases" (cases in which the plaintiff is a former criminal defendant relating to his conviction, including those alleging claims pursuant to 28 U.S.C. §§ 2255, 2241, 1651, audita querella or corum nobis, but not those identified below in Paragraph 6) shall be assigned to the judge who presided over the underlying criminal case.

   a) If the presiding judge was a visiting judge, the action shall be assigned to that visiting judge. If the visiting judge requests that the motion be reassigned or is otherwise unavailable, it shall be reassigned according to the district court draw.

   b) If the presiding judge was Judge McKnight or Judge Potter, the matter shall be equally assigned between Judge Cogburn, Judge Whitney, and Judge Conrad.

   c) If the presiding judge was Judge Voorhees, the matter shall be assigned to Judge Bell.

5. Any criminal case that is remanded for further proceedings pursuant to a mandate of the U.S. Court of Appeals for the Fourth Circuit in which Judge McKnight or Judge Potter was the presiding judge shall be equally assigned between Judge Cogburn, Judge Whitney and Judge Conrad. If the matter on remand is a civil action, then Senior Judge Mullen would be third in this reassignment sequence.

   a.) Any criminal case that is remanded for further proceedings pursuant to a mandate of the U.S. Court of Appeals for the Fourth Circuit in which Judge Voorhees was the presiding judge shall be assigned to Judge Bell.

6. All prisoner pro se cases filed pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 2254 (non-death penalty cases) shall be assigned to the Chief Judge who shall supervise all pro se law clerks until further notice or order of this court.

7. Allocation of death penalty cases is addressed by separate order.

8.	Non-consent civil cases, except for social security cases, shall be referred to Charlotte Division magistrate judges by docket number for all pretrial proceedings and in accordance with any standing Orders of reference issued by a district judge. Consent cases will be handled by Charlotte Division magistrate judges for all purposes and in all respects. The general division of cases between magistrate judges shall be according to docket number with odd-numbered cases being assigned to Magistrate Judge Keesler and even-numbered cases being assigned to Magistrate Judge Cayer.

9.	Pretrial matters in criminal cases are referred equally to Charlotte Division magistrate judges. These referrals are subject to modification or withdrawal by order of any affected district judge.

9.a.	A pilot project has been implemented assigning warrant applications from the Charlotte Division to all three magistrate judges. This pilot project shall continue until further review by the Court.

**IT IS FURTHER ORDERED** that the following allocations apply to criminal cases in the Charlotte division where more than one judge is in the criminal draw and where a random assignment has occurred on a preliminary matter, such as a bond appeal. The central principles governing this section of the Order are: (a) preservation of the integrity of the random assignment procedure, and (b) assignment of a case to one judge throughout its course, to the extent practicable.

1.	Where a single defendant indictment is handed down, the case shall be assigned to the judge who presided over the previous random assignment.

2.	Where a multiple defendant indictment is handed down, the case shall be assigned to the judge who presided over the first previous random assignment of any of the defendants.

3.	Where the Clerk's Office is informed or otherwise learns that an indictment is related to a previously assigned case, the new indictment shall be assigned to the judge of the previous assignment.

4.	The sole authority to change a random assignment resides with the Chief Judge, upon consultation with any other judge directly affected. The Chief Judge may designate another judge to resolve immediate matters, such as motions to stay a magistrate judge's release order, if the randomly selected district judge is unavailable.

5.	The Clerk's Office shall faithfully execute its obligation to assign cases on a random basis subject to review only by the Chief Judge, as stated above.

6.	The Clerk shall refer any questions about proper procedure to the Chief Judge.

The Clerk is directed to serve copies of this Order to all district court judges, all magistrate judges, the United States Attorney, the Chief United States Probation Officer, the United States Marshal, all deputy clerks, and all court reporters.

**IT IS SO ORDERED,** this \_\_\_19\_\_\_ day of \_\_November\_\_ 2021.

_____  
Frank D. Whitney  
U.S. District Judge

_____  
Martin Reidinger, Chief  
U.S. District Judge

_____  
Kenneth D. Bell  
U.S. District Judge

_____  
Robert J. Conrad, Jr.,  
U.S. District Judge

_____  
Max O. Cogburn, Jr.  
U.S. District Judge

_____  
Graham C. Mullen, Senior  
U.S. District Judge